UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Pearl A. Henyard
Plaintiff

v.

MV Transportation, Regional Transportation Authority "RTA", Pace (sub) urban Bus Division of Regional Transportation Authority, Rush University Medical Center, ACL Laboratories, Advocate Health Care, Aurora Health Care and ~~Aurora Medical Center~~ Aurora Health Care
Defendant

Case Number: **17 CV 5238**

Judge: 15cv10835

Magistrate Judge:

Jury Demanded

## AMENDED COMPLAINT

Plaintiff, Pearl A. Henyard, Pro Se and for her civil complaint brings this action 42 U.S.C 1983 for violations of civil rights protected by the Constitution and laws of the United States.

### PARTIES

1. Plaintiff, Pearl A. Henyard resides at 1340 S. Troy Street, Chicago Illinois 60623.

2. Defendants MV Transportation are the former employer of Plaintiff Pearl A. Henyard. MV Transportation is the largest private provider of paratransit services and the largest privately owned transportation contracting firm in the United States. MV Transportation is contracted with the Regional Transportation Authority. MV Transportation being contracted with the Regional Transportation Authority. MV Transportation being contracted with the Regional Transportation Authority makes it a State actor, due to the power the "RTA"

holds and delegates to MV Transportation. MV Transportation receives federal grant money to provide paratransit services to transportation disadvantage individuals in the rural portions of the County. MV Transportation is being sued in its individual capacity due to being a state actor and its located 4400 W. 45th St, Chicago IL 60632.

3. Defendant, Regional Transportation Authority is Plaintiff, Pearl A. Henyard former employer, employed by Pace through the Regional Transportation Authority. "RTA" is privately owned that consist of directors that are appointed. RTA receives capital and operator funds for infrastructure and operators salaries and fuel from the federal government. RTA is the financial and oversight body of Pace, Metra, and Chicago Transportation Authority. The RTA is a special purpose unit of local government and a municipal corporation of the state of Illinois. Municipal Corporation is created by a state's legislature which also controls, inter alia, its duration, rights and powers. A Municipal corporation is an incorporated political subdivision of a state that is composed of the citizens of a designated geographic area and which performs certain state functions on a local level. Therefore, a state actor. Plaintiff is suing the Regional Transit Sportation Authority in its corporate capacity. "RTA" is located at 175 W. Jackson Blvd, Chicago, IL 60604.

4. Defendant, Pace (Suburban Bus Division of "RTA"), which Plaintiff, Pearl A. Henyard is a former employee. Pace is the suburban bus division of the RTA in the Chicago metropolitan area. Which, the "RTA" delegates power to which makes Pace a state actor. Pace receives money from the federal government. Pace is a grant recipient that complies with responsibilities under 49 U.S.C. section 5332, FTA Circular 4704.1, and 49 CFR part 27. Pace is being sued in its individual capacity. Pace is located 550 W. Algonquin Rd Arlington Heights, IL. 60005.

5. Defendant, Rush University Medical Center is privately owned. Rush University Medical Center is in Partnership with the federal government

to improve Quality of Care for People with Medicare. Rush participates in the federal government Community-based Care Transitions Program, which is part of the Affordable Care Act. Rush is a federal funded entity. Rush is being sued in its individual capacity, with its principle place of business at 1653 W. Congress Pkwy, Chicago, IL, 60612.

6. Defendant, Aurora Medical Center receives funds from the federal government for Medicaid (Badger Care Plus) Services. Aurora Medical Center utilizes ACL Laboratories for labortory Services. Aurora Medical Center is located 10400 75th St Kenosha, WI 53142

7. Defendant, ACL Laboratories, Labortory Services for blood specimens that Aurora Medical Center use. ACL Laboratories receive federal funds from the government, Prevention and Public Health Funds. ACL is being sued in its individual capacity, ACL Laboratories is located 8901 W. Lincoln Avenue, West Allis WI 53227 (Aurora Medical Center used blood drawer from ACL Laboratories for Plaintiffs blood draw)

8. Defendant, Advocate Health Care and Aurora Health Care operates ACL Labortories as a joint venture. Advocate Health Care receive funds from the federal government for Medicaid Services. Advocate Health Care is being sued in its individual capacity. Advocate Health Care is located 3075 Highland Parkway Suite 600, Downers Grove, IL 60515

9. Defendant, Aurora Health Care and Advocate Health Care operates ACL Laboratories as a joint venture. Aurora Health Care receives funds for the federal government for Medicaid Services. ~~Badger Care~~ Aurora is being sued in its individual capacity. Aurora Health Care is located 750 W. Milwaukee. WI. 53204.

## Jurisdiction and Venue

Plaintiff brings this action 42 U.S.C. 1983, for violation of civil rights protected by the Constitution and laws of the United States.

The Northern District of Illinois, Eastern Division has jurisdiction under 28 U.S.C 1331, 28 U.S.C 1343, and U.S.C. 1367.

Federal question jurisdiction arises pursuant to 42 U.S.C 1983 acting under color of law. The amount in controversy exceeds 75,000. Violations of rights

Were committed in Chicago, Illinois and Kenosha, Wisconsin.

The Court has jurisdiction pursuant to the following Statues:

a. 28 U.S.C. 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, law and treatries of the United States.

b. 28 U.S.C 1343, 3 and 4, which gives district court jurisdiction over actions to secure civil rights extended by the United States government,

c. 28 U.S.C. 1367, which gives the district Court supplemental jurisdiction over State law claims.

## Venue

Venue in the United States District for the Northern District of Illinois is proper under 28.U.S.C 1391 b(2)(3), c and d(e).

## Plantiff, Facts

Plantiff brings this action 42 U.S.C. 1983 for violation of civil rights protected by the Constitution and laws of the United States. Violation of the U.S.C. 14th Amendment, First Claim; Due Process Clause, Second Claim: Equal Protection Clause of 42 U.S.C. 1983. Third Claim: Conspiracy Against Rights 18 U.S.C. 241. Fourth Claim: Deprivation of rights under color of law 18 U.S.C 242. Fifth Claim: Violation of 45 C.F.R. 46 Protection of Human Subjects. Sixth Claim: Violation of the Age Discrimination Act of 1975. Seventh Claim: 34 C.F.R Part 110. Seventh Claim: Violation of 18 U.S.C. 1512 Tampering with witness, Victim, or an informant.

Plantiff, Pearl A. Henyard visited Rush University Medical Center emergency room in Chicago Illinois on July 22, 2015 due to a motor vehicle accident that occurred at work MV Transportation/Pace (Suburban Bus Division of the Regional Transportation Authority) on July 21, 2015 and also a prior incident while at work on July 3, 2015. In visiting the emergency room at Aurora Medical Center in Kenosha Wisconsin from injuries that Plantiff sustained prior to the v.s.t at MV Transportation/Pace, and Rush Medical Center.

While at work on July 3 2015, while doing the pre-trip of the work vehicle a substance blew out the vent into plantiffs left eye,

Which was two weeks later after the complaint on July 22, 2015 Plaintiff went to Rush University Medical Center emergency room due to an accident while at work on July 21, 2015 for neck, back, chest pain, and headaches. Plaintiff was injected with an unknown agent when test were performed without informed consent that caused infection and various injuries. Rush Medical Center employees worked together, each step was planned, fixed. The Doctor Donna Hock came into Plaintiffs room and told her all the test that were going to be performed x-rays, cat scan of head and chest. Sia/Sasha the cat scan technician comes to get Plaintiff after her x-rays, Cat Scan technician was by herself when performed the head scan. She says my chest scan has not been ordered yet, Plaintiff was taken back to her room and cat scan technician came a second time with another individual. While on the machine for my cat scan of chest, Plaintiff was asked to raise her left arm, a button was pushed that made Plaintiff go in the machine some. Sia/Sasha grabs Plaintiff IV cord, the woman comes up and stands by my head to the left and gives the cat scan technician a needle out of her left jacket pocket. Sia/Sasha starts to inject me with it and the woman goes to sit back down.

In visiting the emergency room at Aurora Medical Center, Plaintiff Pearl A. Henyard was injected with an agent by blood drawer through IV, right before blood draw that caused various injuries without informed consent. The Blood drawer gets a needle insert it in Plaintiff arm which is an IV, the cord extended out extremely long. She took a few steps back while pulling the pigtail of the IV towards her and then, pushing the pigtail back up into position. She then grabs a needle with a vacutainer on it to take Plaintiff blood, in removing the IV needle, Plaintiff seen that the needle was about the size of a writing pinhole if not larger, there was fluid with a light brownish hue coming from the needle. Blood drawer trys to block Plaintiff sight of view, which there was a bubble at the tip

Of the needle, the staff officer woke up off the bubble. The cardiologist still has his equipment on Plaintiff's body as to restrain her. The cat scan technician came to get Plaintiff to get a cat scan of brain, IV drip (NACl) was still in Plaintiff arm when test were performed being exposed to radiation.

## Claims

Plantiff, being injected with an unknown agent without informed consent. Both Medical Center Rush and Aurora violated First Claim: Due Process Clause by depriving person of life (injected with an unknown agent) and liberty (without informed consent) without fair treatment. Violation of Second Claim: Equal Protection Clause, which says States must provide all persons equal treatment of law.

All defendants in lawsuit acted together in the incidents, while other parties had partake co-conspirators while in emergency room of both Rush Medical Center and Aurora Medical Center. Plantiff Violation of Third Claim: Conspiracy Against Rights 18 U.S.C. 241 for conspiring together to injure Plaintiff. Violation of Fourth Claim: Deprivation of rights under color of law 18 U.S.C. 242, for causes of injuries in the conspiracy.

The co-conspirators tampered with paperwork, and injured the Plaintiff with the intent to kill or incapacitate her. Violation of Seventh Claim: 18 U.S.C. 1512 Tampering with witness, victim, or an informant.

Plaintiff was discriminated against based on age; Plaintiff was 30 years of age when injected with unknown agent. This is the age of maturity. When an agent would pose extreme havoc on the body. Violation of Sixth Claim: Age Discrimination Act of 1975 and 34 C.F.R Part 110.

In the event, Plantiff was subjected, as Human Subject without informed consent. Plantiff is a research subject. Violation of Fifth Claim: 45 C.F.R 46 Protection of Human Subjects due to employees not obtaining informed consent.

While taking the cat scan of Plantiff, the Saline (NACl) was still in plantiff's arm while being exposed to radiation. Violation of third claim Conspiracy Against Rights 18 U.S.C. 241 and Violation of Fourth Claim: Deprivation of rights under color of law 18 U.S.C. 242. Conspiracy against right, Cat Scan technician conspired together, when coming to get Plantiff for cat Scan while IV drip (NACl) was still in Plantiff's arm.

Defendants acted knowingly, intentionally, willfully, and maliciously.

As a result of the defendants, MV Transportation/Pace (Suburban Bus Division Regional Transportation Authority) Conduct, Plantiff was injured as follows: headaches, chest burning/chest pain, and destruction in left nostril. Vehicle accidents 1st and 2nd: neck, back, chest pain, headaches, left shoulder, and leg.

As a results of the defendants, Rush University Medical Center Conduct, Plantiff was injured as follows: Medications that were given to plantiff created an even severe headache than what plantiff arrived with, Escherichia Coli-Gram negative Bacilli, unconscious, total body paralysis, blurriness in eyes, foaming and malodorous urine, bowel discoloration, paresthesia (multiple body parts), chest pain, lack of oxygen, weakness, tissue damage, sagginess in skin, heart injury, nail discoloration (mees lines) white at nail beds, discharge discoloration, feeling of an electrical shock, and other unknown as of yet.

As a result of the defendants, Aurora Medical Center Conduct, Plantiff was injured as follows: A flow of something has filled body, radiating, tissue damage, sagginess in skin, eye problems, nail discoloration (mees lines) white at nail beds, black lines in nails, discoloration of discharge, weakness, chest pain, lack of oxygen

heart injury, paresthesia (multiple body parts), feeling of an electrical shock, and others unknown as of yet.

Plaintiff would like to request that an award of damages in an amount to be determined at trial for the following relief:

A. Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage and any other injuries inflicted by defendants.

B. Punitive damages against the individual defendants if applicable.

C. Injunctive, declaratory, or other relief as may be appropriate, including attorney's fees and reasonable expenses as authorized by 42 U.S.C. 1988.

Dated: October 11, 2017

Respectfully Submitted
Pearl A Henyard
Pro Se
1340 S. Troy
Chicago IL 60623
773-542-1384
Phenyard@yahoo.com

10-11-17 X Pearl Henyard