IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEARL ANN HENYARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 CV 5238 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| MV TRANSPORTATION, REGIONAL ) | |
| TRANSPORTATION AUTHORITY "RTA", ) | |
| PACE (SUBURBAN BUS DIVISION OF ) | |
| "RTA"), RUSH UNIVERSITY MEDICAL ) | |
| CENTER, AURORA MEDICAL CENTER, ) | |
| ACL LABORATORIES, ADVOCATE ) | |
| HEALTH CARE, and AURORA HEALTH ) | |
| CARE, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

The Court dismisses this action with prejudice as frivolous. The 11/30/2017 status hearing is stricken. Civil case terminated.

**STATEMENT**

In an order dated September 20, 2017, the Court dismissed without prejudice pro se plaintiff Pearl Ann Henyard's complaint against Rush Hospital for violation of civil rights under 42 U.S.C. § 1983. (Dkt. No. 11.) Plaintiff alleged in the complaint that she was injured when she was "injected with an agent when test[s] were performed," which caused infection, and that she received medication that gave her a more severe headache than what she "had arrived with." (Dkt. No. 8, Compl. at 4.) In its dismissal order, the Court explained that plaintiff's claims sound in medical malpractice, which cannot be the basis for a § 1983 claim, and dismissed the complaint for failure to allege a federal claim or that the parties are of diverse citizenship. The

Court gave plaintiff leave to file an amended complaint by October 11, 2017, if she could do so in good faith.

On October 11, 2017, plaintiff filed an amended complaint in which she greatly expands her allegations. (Dkt. No. 12, Am. Compl.) The amended complaint is brought against not only Rush University Medical Center ("Rush"), but also MV Transportation, the Regional Transportation Authority ("RTA"), and the Pace Suburban Bus Division of the RTA, which plaintiff states are her former employers; Aurora Medical Center (in Kenosha, Wisconsin) ("Aurora") and Aurora Health Care; Advocate Health Care; and ACL Laboratories. Plaintiff alleges that she visited the emergency rooms at both Rush and Aurora, where during medical testing and without her consent she was "injected with an unknown agent," which caused infection and/or various injuries; she was used as a "research subject" and was "exposed to radiation" while an intravenous needle was still in her arm; all defendants to the suit "acted together in the incidents" and with other non-parties; the co-conspirators "tampered with paperwork, and injured the Plaintiff with the intent to kill or incapacit[at]e her"; and she was discriminated against based on her age, 30, when she was injected, because "[t]his is the age of maturity, when an agent would pose extreme havoc on the body." (*Id.* at 5-7.) Plaintiff recites a litany of resulting injuries, including "total body paralysis," "foaming and malodorous urine," "sagginess in skin," "heart injury," "feeling of an electrical shock," and that "[a] flow of something has filled [her] body." (*Id.* at 7-8.)

Under Federal Rule of Civil Procedure 8, a complaint must allege facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[B]efore subjecting defendants to 'paranoid pro se litigation alleging a vast, encompassing conspiracy,' the plaintiff must meet a 'high standard of

plausibility.'" *Walton v. Walker*, 364 F. App'x 256, 258 (7th Cir. 2010) (ellipses omitted) (quoting *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009)). "A complaint consisting of nothing more than naked assertions devoid of further factual enhancement must be dismissed for failing to meet the requirements of Rule 8." *Id.* (internal quotation marks and brackets omitted) (quoting *Iqbal*, 556 U.S. at 678). "When making the determination of plausibility, a court may rely upon judicial experience and common sense." *Id.* The Court is mindful of its responsibility to construe pro se filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff's allegations in the amended complaint are much broader than those in the original complaint, which was brought against only Rush. Plaintiff now asserts (on the same basic facts, that she was "injected with an unknown agent") that there was a conspiracy among her former employers, two hospitals, and a laboratory (allegedly operated by two healthcare centers), as well as other non-parties, to so inject her, with the intent to kill or incapacitate her, and that the co-conspirators altered paperwork. These allegations are not supported by sufficient facts to make them plausible. Although plaintiff describes the hospital employees' actions while she was having medical tests performed, those allegations are not sufficient to allow the court to reasonably draw the inference that plaintiff's former employers, various medical providers, and a laboratory engaged in a vast conspiracy to harm her by injecting her with an unknown substance upon her visits to two different hospital emergency rooms, and that they then engaged in a cover-up. Not only are the allegations wholly unsupported, they describe "fantastic or delusional scenarios." *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989). A court may dismiss a claim as factually frivolous when the allegations are "clearly baseless," meaning fanciful, fantastic, delusional, irrational, or wholly incredible. *Id.* at 327-28; *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Accordingly, the Court *sua sponte* dismisses the amended complaint. *See*

3

*Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) ("there is little doubt" that courts have the power to dismiss a frivolous action *sua sponte* even outside the *in forma pauperis* context); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (stating that "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee"). The dismissal is with prejudice because any further amendment would be futile. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

**SO ORDERED.**

**DATE**: November 7, 2017

_____
**Ronald A. Guzmán**
**United States District Judge**